**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ROBERT CARSWELL,** | : | **5:93-cr-25 (HL)** |
| | : | |
| **Defendant.** | : | |

## ORDER

Pending in this case are two motions filed by Defendant, Robert Carswell:  Motion for Court to Issue Order to Waive Appeal Payment and Motion for Court's Reading of the Law (Doc. 97) and Motion for a Second Reading of the PLRA Law and the Ninth Amendment and Motion for Subpoenas and Evidentiary Hearing (Doc. 101).  Both Motions are denied.  Only Carswell's request for an order waiving the appeal fees warrants further discussion.

By Order entered June 6, 2008, this Court denied Defendant's request for appointment of counsel as well as various other requests for relief, some related to the underlying criminal case in which the Motion was filed, and some unrelated to the criminal case.  Defendant filed a Notice of Appeal from the Order.  After the appeal was docketed, on July 3, 2008, the Eleventh Circuit advised Defendant by letter that his appeal was subject to the "three strikes" provision of the Prison Litigation Reform Act (PLRA) of 1995, set forth at 28 U.S.C.A. § 1915(g), and informed him that he would have to pay the full fling fee for an appeal, or his appeal would be dismissed.  Thereafter, on July 14, 2008, Defendant filed the Motion for Court to Issue Order to Waive Appeal Payment at issue

here.

After the Motion for Court to Issue Order to Waive Appeal Payment was filed, but before the Court had the opportunity to rule on the Motion, on August 8, 2008, the Eleventh Circuit dismissed Defendant's appeal for failure to pay the required fees. In view of the fact that Defendant's Motion has been dismissed, his request to have the Court waive the payment of fees is moot. Even if Defendant's request were not moot, however, this Court would not have the authority to grant him the relief he seeks.

With the passage of the PLRA Congress intended to limit frivolous civil litigation. As a general rule, the PLRA does not apply to criminal cases. However, some courts have found that where a motion filed in a criminal case is in actuality a separate, unrelated civil action, the limitations imposed by the PLRA should apply. Along these lines, in United States v. Antonelli, 371 F.3d 360, 361 (7th Cir. 2004), the United States Court of Appeals for the Seventh Circuit held that a motion filed in a criminal case was not merely "an additional motion in that long-finished proceeding," but was instead an attempt to commence a new civil action. The court thus remanded the matter to the district court "to apply all applicable PLRA provisions to [defendant's] civil action." Id. at 362.

Here, although Defendant filed his motion in this criminal case, the Eleventh Circuit apparently viewed the relief sought by the motion as civil in nature, applied the three strikes provision of 28 U.S.C.A. § 1915(g) to his appeal, and concluded that he was not eligible to proceed without prepayment of fees. Under this analysis, this Court would not be at liberty to issue an order waiving the appeal payment, as Defendant requests in his

Motion, because this Court would likewise be bound by the prohibition in § 1915(g) against allowing in forma pauperis proceedings by a litigant with three strikes against him.

Moreover, even if this Court were to find that, because this is a criminal proceeding, the provisions of § 1915(g) do not apply, Carswell still would not obtain the relief he seeks. While § 1915(a)(1) generally permits the commencement of a criminal appeal without prepayment of fees, that Code provision also provides that "[A]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3).  This Court certifies that Carswell's appeal is not taken in good faith, thus he is not entitled to have the fees waived for his appeal.

The limitation imposed by § 1915(a)(3) applies to criminal as well as civil proceedings. *See, e.g.,* Coppedge v. United States, 369 U.S. 438, 444, 82 S. Ct. 917, 920 (1962).  "Good faith" is judged from an objective standard and is satisfied when an appellant seeks review "of any issue not frivolous." Id. at 445, 82 S. Ct. at 921.  Here, however, Carswell seeks review of an order in which the Court (1) declined to appoint counsel to represent him in a case pending in Kentucky; (2) denied a challenge to the length of Carswell's prison confinement because he failed to name the warden of the prison facility as a respondent; (3) denied a request for stamps, supplies and subpoenas; and (4) refused a challenge to the constitutionality of Carswell's sentence because it was not raised in a 28 U.S.C.A. § 2255 motion.  In the Court's view, each of these issues, as presented to this Court, is frivolous, and an appeal taken from the Order denying Carswell the relief requested cannot be taken in good faith.  As such, any request for a waiver of

fees on appeal must be denied.

**SO ORDERED**, this the 4th day of November, 2008.

s/  *Hugh Lawson*
**HUGH LAWSON, Judge**

mls