# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 5:93-cr-25(HL) |
| : | |
| **ROBERT CARSWELL,** : | |
| : | |
| Defendant. : | |

## ORDER

Currently pending before the Court is a Petition for all Transcripts and Records filed by Defendant Robert Carswell (Doc. 112). Defendant contends that he is entitled to have his sentence reviewed by appropriate prison officials, but does not have funds to pay for the transcripts and records needed for that review.[1]

Defendant was convicted on November 9, 1993 on two counts of the use of the United States Mail Service to mail threatening communications in violation of 18 U.S.C. § 876. He was sentenced to a total of 120 months imprisonment to run consecutive to a state sentence. The direct appeal of Defendant's sentence was unsuccessful (Doc. 35).

---

[1] As part of his Petition, Defendant has provided the Court with a motion to proceed in forma pauperis and a copy of a complaint he presumably filed with the State Bar of Georgia against his former attorney, John R. Francisco, and the prosecuting attorney, Paul C. McCommon, III.

Defendant has previously filed three motions pursuant to 28 U.S.C. § 2255 to have his sentence vacated (Docs. 36, 39, and 70). Each of these motions has been denied by the Court (Docs. 37, 45, and 73). Plaintiff does not have an appeal, motion to vacate sentence, or petition for writ of habeas corpus pending at this time. Assuming Plaintiff is indigent, "[u]nder ordinary circumstances such as these, an indigent does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date." Colbert v. Beto, 439 F.2d 1130 (5th Cir.1971); *see also* Walker v. U.S., 424 F.2d 278 (5th Cir.1970).[2]

Accordingly, it is ordered that Defendant's Petition for All Transcripts and Records (Doc. 112) is **DENIED**.

This the 15th day of April, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[2]The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *See* Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).