# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**ROBERT CARSWELL**,                    :
                                        :
    Petitioner,          :
                                        :
    v.                  :          Case No. 5:93-cr-25(HL)
                                        :
**UNITED STATES OF AMERICA**,           :
                                        :
    Respondent.          :
_____

# ORDER

Currently pending before the Court are Petitioner Robert Carswell's Motion For Court To Issue Order Granting Jail Time Credit For Petitioner (Doc. 110) and Petition For A Second Reading Of The Law (Doc. 113).  After considering both, the Court dismisses the Motion (Doc. 110) and denies the Petition (Doc. 113) for the reasons set forth below.

Petitioner was convicted by jury verdict on November 9, 1993 of two counts of Use of United States Mail Service to mail threatening communications in violation of 18 U.S.C. § 876.  He was sentenced on March 25, 1994 to 60 months imprisonment on Count One with a consecutive 60 month sentence on Count Two, for a total sentence of 120 months imprisonment, to run consecutively to a Bibb County, Georgia sentence in State Case No. 33496.  Petitioner appealed his federal conviction and sentence, but was unsuccessful (Doc. 35).

Petitioner has previously filed three motions pursuant to 28 U.S.C. § 2255 to have his sentence vacated (Docs. 36, 39, and 70).  Each of these motions has been denied by the Court (Docs. 37, 45, and 73).  He has also filed other collateral attacks on his sentence, including a Pro-Se Motion Justice Against Illegal Sentence (Doc. 55), Motion for Immediate Release (Doc. 57), and Constitutional Motion For Court To Order the Release of Robert Carswell - 84866020, From Pollock United States Penitentiary/Warden Frederick Minifee (Doc. 70).  In these motions, which were denied by the Court, Petitioner claimed that his sentence was incorrectly calculated.

The Motion currently before the Court does nothing more than reference a case from the Eighth Circuit which states that the attorney general and district courts have concurrent authority to grant credit for time served in official detention before sentencing.  United States v. Beston, 936 F.2d 361 (8th Cir.1991).  Presumably Petitioner is requesting that the Court grant him credit for time served prior to his sentencing in 1994.

The relevant statute is 18 U.S.C. § 3585, which reads:

> (b)    CREDIT FOR PRIOR CUSTODY. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1)    as a result of the offense for which the sentence was imposed; or
>
> (2)    as a result of any other charge for which the defendant was arrested after commission of the offense for which the sentence was imposed;

2

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

In United States v. Wilson, 503 U.S. 329, 333-335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), decided after the Betson case referenced by Petitioner, the Supreme Court held that the Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing.  A prisoner seeking credit against his sentence for time in custody must first exhaust Bureau of Prison administrative remedies.  United States v. Lucas, 898 F.2d 1554, 1555-1556 (11th Cir.1990) (per curiam).  "The Bureau [of Prisons] has established regulations governing formal review of inmate complaints relating to any aspect of imprisonment."  Id.; see 28 C.F.R. §§ 542.10-.19.  These regulations "set out the procedures that prisoners must pursue prior to seeking relief in a district court."  Lucas, 898 F.2d at 1556.

Petitioner has provided a statement from S.M. Giddens, a prison offiicial at USP Lee, where Petitioner is currently incarcerated.  (Doc. 113, Exh. 1).  The document states that "[t]he issue of jail credit has been addressed with you previously.  If you are not satisfied with the response, you may file an appeal via Administrative Remedy."  Petitioner has furnished the Court with nothing to show that he has filed an Administrative Remedy appeal as instructed by prison officials. If Petitioner has not filed such an appeal, he has not properly exhausted his administrative remedies.

3

"Exhaustion of administrative remedies is jurisdictional."  Gonzales v. United States, 959 F.2d 211, 212 (11th Cir.1992)  If Petitioner is dissatisfied with the computation of the time remaining to be served on his sentence, he must exhaust his administrative remedies through the Bureau of Prisons.  Only after completing that process may he seek relief in this Court.

In light of Petitioner's failure to exhaust his administrative remedies, his Motion (Doc. 110) is **DISMISSED** without prejudice to afford Petitioner an opportunity to exhaust his administrative remedies in accordance with Bureau of Prisons procedures. The Petition (Doc. 113) is **DENIED**.


**SO ORDERED**, this the 4th day of May, 2009.


*s/   Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh